IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMED AL-RAWASHDEH, | : | |
|     Petitioner | : | |
| | : | |
|     v. | : | No. 2:02-CV-03704-HH |
| | : | |
| HONORABLE JOHN ASHCROFT, | : | |
| UNITED STATES ATTORNEY | : | |
| GENERAL, *at al.*, | : | |
|     Respondents | : | |
| | : | |

GOVERNMENT'S RESPONSE TO PETITION FOR
WRIT OF HABEAS CORPUS

I. <u>INTRODUCTION</u>

This is an alien habeas corpus case. The petitioner is Mohammed Suliman Al-Rawashdeh ("Al-Rawashdeh" or "petitioner"), a native and citizen of Jordan, through birth there on March 8, 1968. Al-Rawashdeh entered the United States in 1990 as a nonimmigrant student. In August 1998 his status was "adjusted" to that of a lawful permanent resident, presumably based on marriage to an American citizen.

On February 16, 2000 Al-Rawashdeh was convicted in the Pennsylvania Court of Common Pleas for Monroe County of the offenses of simple assault, and making terroristic threats, in violation of 18 Pa.Cons. Stat. §§ 2701 and 2706.

These convictions arose from assaults on Al-Rawashdeh's American wife, Phyllis, which conduct began in Jersey City, New Jersey in 1996. In October 1999 Phyllis Al-Rawashdeh complained to the Stroud Township police that petitioner had "nudged" her with a moving automobile in her driveway, knocking her into a tree, on October 23, 1999. On October 26, 1999 petitioner forced his way into Phyllis Al-Rawashdeh's house (he lived elsewhere) and struck her in the face, threatening to kill her and himself if she called the police; petitioner also threatened to "take the children" and leave the country.

Judge Miller of the Monroe County Court issued a temporary protection from abuse order in Al-Rawashdeh's case on October 28, 1999, on application of Phyllis Al-Rawashdeh.

Al-Rawashdeh was arrested and charged with divers offenses, and bound over for trial in the Common Pleas Court.

Petitioner entered pleas of guilty to two counts of the information, for simple assault and terroristic threats, on January 12, 2000. The county probation completed a presentence investigation, and on February 16, 2000 Judge Linda Wallach Miller sentenced him to 2-12 months on the

assault charge, and 2-11 months on the terroristic threats charge, to run consecutively.

The Immigration & Naturalization Service (INS) learned of the convictions, and on April 18, 2000 issued a Notice To Appear, or "NTA," the charging document in removal (*i.e.* deportation) proceedings. By this time Al-Rawashdeh had been released from Monroe County Prison, and was living in New Milford, New Jersey. The NTA charged that petitioner was subject to removal on two bases: the first was that he had been convicted of a crime of domestic violence, a ground for removal at 8 U.S.C. § 1227(a)(2)(E)(i). The second was that he had been convicted of an "aggravated felony," a basis for removal at 8 U.S.C. § 1227(a)(2)(A)(iii).

Petitioner was taken into INS custody. At a hearing in September 2000 at the INS facility in the York County Prison, the Immigration Judge (IJ) terminated the proceedings, as he determined that petitioner's convictions were neither for domestic violence, nor for crimes of violence (the basis for the aggravated felony charge). The INS appealed to the Board of Immigration Appeals (BIA), which sustained the appeal and reversed the IJ in a written order dated December 18, 2001. The BIA remanded the case to

the IJ for further proceedings.[1]

On January 23, 2002 the IJ, on remand, ordered petitioner removed to Jordan. Petitioner appealed this decision to the BIA on February 22, 2002. That appeal is pending.[2]

On the same day that he ordered Al-Rawashdeh removed, Immigration Judge Durling issued a custody decision, determining that petitioner should be detained as a continuing threat to his ex-spouse, and a flight risk.

On June 11, 2002 Al-Rawashdeh filed the instant habeas corpus petition. In it he challenges his detention while he awaits the outcome of his BIA appeal.[3]

---

[1] Al-Rawashdeh filed a petition for review with the Third Circuit on May 24, 2001, during his proceedings. Evidently this was to review an interlocutory decision relating to detention. The Third Circuit dismissed the appeal on August 17, 2001 for lack of jurisdiction.

[2] It is difficult to discern what petitioner is appealing. The BIA's December 18, 2001 decision contains a detailed analysis of Al-Rawashdeh's convictions, why they render him deportable, and the pertinent Third Circuit case law. There is no dispute that Al-Rawashdeh is an alien.

[3] So far as the government knows, Al-Rawashdeh has never been in the Eastern District of Pennsylvania. He lived in the Middle District when he was prosecuted there, in the Monroe County court; his removal proceedings were conducted in the Middle District, and he is

II. ARGUMENT

         The petition argues that Al-Rawashdeh's custody is unconstitutional. The principal complaint is that

---

> detained there now in York County. This is not a *pro se* petition, and the assertion on page 6 that venue lies "where a respondent resides" is directly contrary to Third Circuit law. In the Third Circuit, the proper respondent in a habeas corpus petition is the warden; Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994). The District Director is not a proper respondent; id. at 507 ("That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons"); accord Bermudez-Cardiel v. Schick, 45 Fed.Appx. 785, 786, 2002 WL 31001847, **1 (9th Cir. Sep. 5, 2002)(district director is not immediate custodian of alien detainee and not proper respondent to habeas petition); Chavez-Rivas v. Olsen, 194 F.Supp.2d 368, 374 (D.N.J. 2002)("if the Third Circuit in Yi had allowed the District Director of the INS to serve as a custodian merely because he held the power to release the prisoner, the court would have created a rule that, in its outermost logical extension, would allow habeas corpus petitioners to file their petitions in any jurisdiction. This would lead to forum shopping, and might require the government to transport habeas petitioners unreasonable distances for hearings related to their petitions").
>     *In personam* jurisdiction is waivable, and for prudential considerations the government has elected in this case to waive the defense and respond to the petition, rather than seek its transfer to the Middle District of Pennsylvania.

Immigration Judge Durling held a hearing, considered the evidence, and decided the issue against him. Al-Rawashdeh asserts that the IJ relied on a complaint from the former Mrs. Al-Rawashdeh that she was afraid of petitioner, and that the ex-spouse had lied on another occasion.[4]

In his written decision, Judge Durling points out correctly that the burden is on the alien to establish that he is neither a danger nor a flight risk. He further notes that Al-Rawashdeh has a "past history of violence to this woman," and that an offer to live in North Carolina is not enough to overcome the presumption of risk.

But, the petition argues, the alien has a right to confront his ex-spouse about the legitimacy of her fears. In a lame attempt to bolster this contention, petitioner suggests to this Court that the victim is lying about her fears because petitioner has "evidence that to establish that his former wife had misrepresented facts relating to their relationship in the past....." (presumably the paternity information).

---

[4]   Curiously, Al-Rawashdeh appends information to his habeas corpus petition relating to a paternity dispute, but does not attach a copy of the IJ's written decision, the gravamen of his habeas petition. The decision is appended hereto.

The argument is ludicrous. The government has irrefutable evidence that Al-Rawashdeh drove his car into the woman, that three days later he "back handed" her across the face after forcing his way into her home, that he threatened to kill her, and that he threatened to take her children and leave the country. He pleaded guilty to all of that. He was arrested twice before in New Jersey for like misconduct towards the same woman. Judge Durling reports that the ex-spouse "telephoned the INS expressing a fear of the respondent" if he was released. That subjective fear is perfectly reasonable in light of Al-Rawashdeh's objective misconduct; the IJ appropriately considered it, and petitioner failed to overcome his burden.

We turn to the standard of this Court's review on habeas. Congress has instructed the federal courts that the Attorney General's discretionary decisions relating to detention during removal proceedings are not reviewable. 8 U.S.C. § 1226(e)(The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the

grant, revocation, or denial of bond or parole"). Of course, § 1226(e) does not preclude a habeas court's review of constitutional infirmities in a detention order; petitioner knows this, and seeks to evade the strictures of § 1226(e) by putting a constitutional gloss on the petition. But the fact is that Al-Rawashdeh is simply challenging factual findings and conclusions by the Immigration Judge with which he disagrees.

Although the Third Circuit has not addressed the issue squarely yet, other judges in this district have followed the prevailing case law, and in other contexts have declined to review the Attorney General's discretionary decisions on habeas. See Sciglitano v. Ashcroft, 2002 WL 461987, *1 (E.D.Pa. Mar. 25, 2002)(Green, J.); Sulaiman v. Attorney General, 212 F.Supp.2d 413 (E.D.Pa. 2002)(DuBois, J.); Chinchilla-Jiminez v. INS, - F.Supp.2d -, 2002 WL 31190838, *3 (E.D.Pa. Oct. 3, 2002)(Baylson, J.). And see Bowrin v. U.S. INS, 194 F.3d 483, 490 ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited"); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)(federal jurisdiction over § 2241 petitions does not extend to review of factual

or discretionary determinations); <u>Carranza v. INS</u>, 277 F.3d 65 (1st Cir. 2002)("Federal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated"); <u>Finlay v. INS</u>, 210 F.3d 556, 557 (5th Cir. 2000)(same); <u>Lee v. Rogers</u>, 243 F.3d 548 (9th Cir. 2000)(only questions of "pure law" reviewable on habeas, not factual determinations by the BIA).

  The Immigration Judge's bond decision, the Stroud Township Police report and conviction records, and the protection from abuse order are appended as exhibits.

  Al-Rawashdeh was heard fully on his bond request. The IJ considered his evidence and rejected it, but invited petitioner to reopen his application if Al-Rawashdeh adduces any additional evidence on his fitness for release. That is all of the due process to which he is entitled. The petition presents no colorable due process violation, and should be dismissed for failure to state a claim of illegality.

III. CONCLUSION

For the foregoing reasons, the petition should be denied.

Respectfully,

PATRICK L. MEEHAN
United States Attorney

_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____
STEPHEN J. BRITT
Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the 24th Day of October, 2002, I personally served or caused to be served a copy of the attached Government's Reply To Habeas Corpus Petition, addressed to:

>Sandra Greene Esq.
>P.O. box 1026
>York   PA   17405-1026

by first class mail service upon counsel.

_____   _____
STEPHEN J. BRITT
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
(215) 861-8443
(215) 861-8642   telecopier