IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mohammed Al-Rawashdeh, | : | |
|     Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| John Ashcroft, | : | No. 02-CV-3704 |
| U.S. Attorney General, et al., | : | |
|     Respondents | : | |
| | : | |

## REPORT AND RECOMMENDATION

JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

Before this court is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241. The petitioner, Mohammed Al-Rawashdeh, is currently incarcerated at the York County Prison in York, Pennsylvania. For the reasons set forth below, this court recommends that Al-Rawashdeh's petition be DENIED with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

Al-Rawashdeh is a native and citizen of Jordan, where he was born on March 8, 1968. He entered the United States in 1990 as a nonimmigrant student. On August 27, 1998, his status was adjusted to that of a lawful permanent resident.

On January 12, 2000, in the Pennsylvania Court of Common Pleas of Monroe County, Al-Rawashdeh pled guilty to the charges of simple assault and terroristic threats. On February 16, 2000, he was sentenced to a total of four (4) to twenty-three (23) months' imprisonment. He was further ordered not to have any contact with the victim of his crimes, his ex-wife.

On April 18, 2000, the Immigration & Naturalization Service ("INS") began removal

proceedings against Al-Rawashdeh by issuing a notice to appear. The notice alleged two causes for Al-Rawashdeh's removal: 1) his conviction of a crime of domestic violence, 8 U.S.C. § 1227(a)(2)(E)(I); and 2) his conviction of an "aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii).

After Al-Rawashdeh was taken into INS custody, he filed a motion to terminate the removal proceedings. This motion was granted on September 20, 2000 after a hearing at the INS facility at the York County Prison. The Immigration Judge (IJ) found that Al-Rawashdeh's convictions were neither for domestic violence, nor for a "crime of violence" that could form the basis for the INS's "aggravated felony" charge. The INS appealed to the Board of Immigration Appeals (BIA). The BIA reversed the IJ's decision on December 18, 2001, finding that Al-Rawashdeh's assault conviction did constitute a "crime of violence," and was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA remanded the case to the IJ for further adjudication. Subsequent to the BIA decision, Al-Rawashdeh requested a bond hearing.

On January 23, 2002, on remand, the IJ ordered Al-Rawashdeh removed to Jordan. On February 22, 2002, Al-Rawashdeh appealed the IJ's removal order to the BIA. That appeal is still pending.

On February 13, 2002, the IJ conducted a bond hearing and denied Al-Rawashdeh's bond request, finding that he posed a continuing threat to his ex-wife and that he was a flight risk. On March 19, 2002, the IJ denied Al-Rawashdeh's second motion for a bond hearing.

On June 11, 2002, Al-Rawashdeh filed the instant petition for a writ of *habeas corpus,* in which he claims that the manner in which the IJ adjudicated his bond hearing violated his right to due process under the Fifth Amendment to the Constitution. Al-Rawashdeh claims that the IJ erred by: 1) refusing to allow Al-Rawashdeh to confront and challenge the evidence offered against him at the bond hearing; 2) not making an independent assessment of the evidence; and

3) considering Al-Rawashdeh's Arabic descent and Muslim faith in making his decision. The INS filed a response to this petition asking that this petition be denied.

## DISCUSSION

Despite amendments to the Immigration and Naturalization Act ("INA"), it is well settled that this court has jurisdiction, under 28 U.S.C. § 2241(c), to decide *habeas* petitions filed by criminal aliens subject to deportation. Chmakov v. Blackman, 266 F.3d 210, 213 (3d Cir. 2001) (citing Zadvydas v. Davis, 533 U.S. 678, 688 (2001); INS v. St. Cyr, 533 U.S. 289, 314 (2001)) ("Both the Supreme Court and this Court have determined that notwithstanding the provisions of AEDPA or IIRIRA, district courts retain jurisdiction to hear habeas petitions filed by aliens subject to deportation for having committed certain criminal offenses.") However, the scope of review of such claims is limited to questions of law. Bowrin v. U.S. INS., 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001) (". . . federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA."); Sciglitano v. Ashcroft, et al, 2002 WL 461987 (E.D. Pa. 2002) (citing Bowrin and Sol); Sulaiman v. Attorney General, et al, 212 F.Supp.2d 413, 416 (E.D. Pa. 2002) (citing Bowrin and Sol). After reviewing this petition, this court must conclude that Al-Rawashdeh does not present a valid claim of legal error.

First, Al-Rawashdeh contends that the IJ's adjudication of his bond request violated his due process rights, because he was denied an opportunity to confront and challenge the evidence used to deny his bond request. Al-Rawashdeh relies on § 240(b)(4)(B) of the INA, which applies to "removal proceedings," and grants an alien the right to ". . . a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to

3

cross-examine witnesses presented by the Government . . . ." INA § 240(b)(4)(B), 8 U.S.C. § 1229a(b)(4)(B). In denying the bond request, the IJ relied, in part, on a telephone call the INS received from Al-Rawashdeh's ex-spouse, in which she stated that she would be fearful of Al-Rawashdeh if he were released. Al-Rawashdeh contends that INA § 240 (b)(4)(B) was violated because he was denied an opportunity to directly confront and refute this evidence.

Al-Rawashdeh's reliance on § 240 (b)(4)(B) is misplaced. This section of the INA applies to aliens' rights in removal proceedings. The INA does not even recognize a right to a bond hearing, except in very limited circumstances, which do not apply to Al-Rawashdeh. See INA § 236 (c)(1)-(2); 8 U.S.C. § 1226(c)(1)-(2). However, in 2001, the Third Circuit found these provisions of the INA unconstitutional, and held that "mandatory detention of aliens after they have been found subject to removal but who have not yet been ordered removed because they are pursuing their administrative remedies violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community." Patel v. Zemski, et al, 275 F.3d 299, 314 (3d Cir. 2001). Thus, Al-Rawashdeh is entitled to an individualized hearing concerning his detention, at which he could prove that he is not a flight risk or a danger to the community.

While there is no section of the INA that covers an alien's rights in a bond hearing, the Federal Rules of Criminal Procedure provide guidance. The Rule concerning detention hearings provides, in part, that during a detention hearing, the person in custody ". . . shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses that appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f).

Here, Al-Rawashdeh was afforded all of the rights set forth in 18 U.S.C. § 3142(f). He testified at the hearing, and he was able to present witnesses. The government presented no witnesses for him to cross-examine, and while evidence of a phone call may be inadmissible in a criminal trial, those evidentiary rules do not apply to bond hearings. 18 U.S.C. § 3142(f).

Moreover, Al-Rawashdeh was given the opportunity to refute any evidence that he was a threat to his ex-wife. At the conclusion of the bond hearing, the IJ informed Al-Rawashdeh that if he could produce persuasive evidence that he was no longer a danger to his ex-wife, the IJ might reconsider his ruling. Al-Rawashdeh offered a paternity test, which showed that he was not the father of one of his ex-wife's children. He also offered evidence that he would move to North Carolina if he were released on bond. The IJ considered this evidence, and made a discretionary determination that even if the paternity test were somehow related to Al-Rawashdeh's assault-related conviction, this evidence was insufficient to overcome his finding that, considering his past history of violence toward her,[1] Al-Rawashdeh was a continuing danger to his ex-wife.

Al-Rawashdeh was granted a bond hearing as required by Patel that was in compliance with the applicable procedural rules for bond hearings. Further, the IJ granted Al-Rawashdeh another opportunity to present evidence that he was no longer a threat to his ex-wife. Thus, Al-Rawashdeh was not denied due process under the Fifth Amendment. The IJ, after considering the evidence, concluded that Al-Rawashdeh still posed a threat to his ex-wife. This court may not review factual or discretionary issues. Bowrin, 194 F.3d at 490; Sol, 274 F.3d at 651;

---

[1] A review of the affidavit of probable cause for the criminal charges filed against Al-Rawashdeh reveals that his actions involved an incident where he attempted to run over his ex-wife with a car in their driveway during which "she was nudged by the car and knocked into a tree." Several days later "he forced his way into the house and back-handed her across the face." During these acts of violence he threatened to kill his ex-wife and threatened to take their children and leave the country. See Respondent's Exhibit 1 at 9.

5

Sciglitano, 2002 WL 461987; Sulaiman, 212 F.Supp.2d at 416.

Al-Rawashdeh next argues that the IJ violated Patel by not granting him an "independent" assessment of his risk of flight and danger to the community, and simply adopting the position of the INS. The IJ held an individualized bond determination hearing. Al-Rawashdeh was given the opportunity to demonstrate that he was not a flight risk or a danger to the community. As explained above, no procedural or evidentiary rules were violated. Patel requires nothing more. The fact that the IJ, after conducting the hearing, made a decision favorable to the INS is a matter of discretion, not due process. This court is prohibited from reviewing factual or discretionary issues. Bowrin, 194 F.3d at 490; Sol, 274 F.3d at 651; Sciglitano, 2002 WL 461987; Sulaiman, 212 F.Supp.2d at 416.

Lastly, Al-Rawashdeh claims the IJ denied his bond request in substantial part because Al-Rawashdeh is of Arabic descent and practices Islam. Al-Rawashdeh presents no evidence whatsoever that the IJ denied his bond request with a discriminatory motive. Thus, there is no basis from which this court might find legal error. As discussed above, the IJ denied Al-Rawashdeh's bond request because he made a factual determination that Al-Rawashdeh was a continuing threat to his ex-wife. This court may only consider questions of pure law, and may not review factual or discretionary issues. Bowrin, 194 F.3d at 490; Sol, 274 F.3d at 651; Sciglitano, 2002 WL 461987; Sulaiman, 212 F.Supp.2d at 416.

Accordingly, this court makes the following:

## **R E C O M M E N D A T I O N**

AND NOW, this         day of April, 2003, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of *habeas corpus* be DENIED with prejudice.  It is further RECOMMENDED that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mohammed Al-Rawashdeh, | : | |
|     Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| John Ashcroft, | : | No. 02-CV-3704 |
| U.S. Attorney General, et al., | : | |
|     Respondents | : | |

**O R D E R**

HERBERT J. HUTTON, J.

AND NOW, this        day of                  , 2003, upon careful and independent consideration of the petition for a writ of *habeas corpus,* and after review of the Report and Recommendation of Chief United States Magistrate Judge James R. Melinson, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of *habeas corpus* is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The clerk shall mark this case closed for statistical purposes.

BY THE COURT:

_____
HERBERT J. HUTTON, J.